**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ROBERT EDWARD and LAQUONDA SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services, APRIL G. WALKER, Director of Atlanta Field Office of U.S. Citizenship and Immigration Services; in their official capacity,[1]<br><br>    Defendants. | Civil Action No. 1:24-cv-03064-VMC |

**ORDER**

This Administrative Procedure Act (APA) case is before the Court on cross-motions for summary judgment. (Docs. 19, 25). For the reasons that follow, the Court denies Plaintiffs' motion and grants Defendants' motion.

---

[1] Joseph B. Edlow is now the Director of USCIS, and April G. Walker is now the Director of the USCIS Atlanta Field Office. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, these defendants are automatically substituted for their respective predecessors-in-office.

**Agency Proceedings[2]**

Plaintiff Edward seeks a green card through marriage with Plaintiff Smith. Ms. Smith is a United States Citizen. (Doc. 13-1 at 26). Mr. Edward is a Nigerian Citizen. (*Id.* at 52). On August 16, 2018, Ms. Smith filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of Mr. Edward as beneficiary. (*Id.* at 4). The same day, Mr. Edward filed a form I-485, Application to Register Permanent Residence or Adjust Status, with USCIS. (*Id.* at 18). In his Form I-485, Mr. Edward disclosed a prior marriage to Patricia Osariemen Edward, and indicated that the marriage legally ended on June 1, 2017. (*Id.* at 57).

To substantiate the divorce, Plaintiff Edward submitted a document purporting to be issued by the High Court of Lagos State, Ikeja Judicia Division entitled "Form 35 Order XII Rule 1 Decree Nisi of Dissolution" indicating that Mr. Edward and Patricia were divorced on March 1, 2017 due to "irreconcilable differences" and a "Form 41 Order XII Rule 7(2) Certificate of Decree Nisi Having Become Absolute" indicating the Decree Nisi became absolute on June 1, 2017. (Doc. 13-1 at 47–48).

---

[2] Citations to the administrative record refer to the page number stamped on the top of the document by the Court's ECF software.

On May 9 and 27, 2021, Plaintiffs appeared for interviews in connection with their applications. (Doc. 13-1 at 260). On May 11, 2023, UCSIS issued a Notice of Intent to Deny to Ms. Smith. (*Id.*). USCIS identified several perceived discrepancies between Plaintiffs' respective testimonies and between record evidence. (*Id.* at 260–61).

In the Notice of Intent to Deny, the USCIS also questioned whether the Decree Nisi and Decree Absolute were authentic, noting that they "do not appear to have been issued by a legal authority." (*Id.* at 262). The USCIS also noted that the grounds for divorce offered in the documents indicated "irreconcilable differences," but contended that Nigerian Law did not recognize irreconcilable differences as a ground for divorce. (*Id.*).[3]

In response, Plaintiffs submitted a letter from Mr. Edward's solicitors in Nigeria dated May 25, 2023 confirming the genuineness of the divorce proceedings. (Doc. 13-2 at 5). Plaintiffs also submitted a letter purporting to be from the Chief Registrar of the High Court of Lagos State dated June 6, 2023 stating that a divorce case between Mr. Edward and Patricia was filed in that court. (*Id.* at 7). The letter also stated that the divorce case was adjudicated March 1, 2017 on the grounds that the marriage had broken down irretrievably. But the letter indicated there were errors with the certificates and stated that it included certified

---

[3] Plaintiffs do not challenge the correctness of this foreign law determination.

true copies of the corrected certificates. (*Id.* at 10). The second version of the Decree Nisi indicated that the marriage was dissolved by "reason and fact that the marriage had broken down irretrievably." (*Id.*).

USCIS issued a Decision denying the Form I-130 on April 5, 2024. (*Id.* at 123). The Decision largely mirrored the grounds in the Notice of Intent to Deny, including the alleged inauthenticity of the divorce documents. (*Id.* at 123–27).

Plaintiffs filed this lawsuit on July 10, 2024. (Doc. 1).  On September 12, 2024, USCIS reopened the Form I-130 on its own motion. (*Id.* at 134). It issued a new Notice of Intent to Deny that same day, providing more details concerning the issues USCIS had with the resubmitted divorce documents:

> • As noted in the NOID issued May 11, 2023, major articulate concerns regarding the authenticity of the beneficiary's Decree Nisi and Decree Absolute you initially provided were found. Specifically, the Decree Nisi provided that the marriage be "dissolved on the ground of irreconcilable differences." Upon review of the 1970 Matrimonial Causes Act, the ground specified in the Decree Nisi is not a legally correct ground upon which a marriage can be dissolved under Nigerian law. Further, the Decree Nisi initially, provided does not contain other key information that, pursuant to the Matrimonial Causes Act, should be identified, including the judge who presided over the divorce proceedings, whether the petitioner was domiciled in Nigeria at the time the suit was instituted, and counsel for the petitioner and the respondent. Further, on the Decree Absolute initially provided, "Section 57" is incorrectly spelled.
>
> • In response to the May 11, 2023 NOID, you provided: a copy of a letter from Adelaja & Adelekan & Company

written to the Assistant Chief Registrar of the High Court of Lagos State, lkeja Judicial Division, seeking confirmation of the genuineness of the divorce proceedings and clarification of the errors on the divorce documents; a letter from Lagos State Judiciary regarding Confirmation of Divorce and Decree Nisi and Absolute Certificates issued for Edward, Robert and Edward, Patricia Osariemen; and copy of the "corrected" Decree Nisi for Edward, Robert and Edward, Patricia Osariemen.

• The letter from the Lagos State Judiciary states that "there are legal grounds . . . as to which Dissolution of Marriage as enumerated under the Nigerian Matrimonial Causes Act of 1970 under Section 15 and 16, which was also omitted. We discovered improper formats of Divorce Documents errors on the Certificates after their issuance." However, in this case, the issue was not that a proper legal ground was omitted, but rather a ground for divorce that is not legally correct was identified as being the ground upon which the marriage was dissolved. An explanation has not been provided as to why the High Court of Lagos State would dissolve a marriage on a basis that is not legally appropriate. This is a major misapplication of law, and the explanation provided in the letter does not address why this error occurred.

• Furthermore, in reviewing the "corrected" Decree Nisi, the document still contains significant errors. For example, the document cites "Order XIX Rule 7(2)", which is the incorrect order and rule number for a Decree Nisi according to the Matrimonial Causes Act.

• Additionally, a "corrected" Decree Absolute has not been provided, and the record also does not contain the Section 57 Order that was supposedly issued on March 1, 2017, according to the initial Decree Absolute. Specifically, the "corrected" Decree Nisi does not contain the order from the court under section 57 of the

> Matrimonial Causes Act. Section 57 of the Matrimonial
> Causes Act relates to the court's obligation to ensure that
> satisfactory arrangements are made for any children
> born of the marriage who are under the age of 16 at the
> time of the divorce proceedings. The "corrected" Decree
> Nisi only states "that the custody of the children of the
> Marriage to wit . . ." and does not address whether or not
> satisfactory arrangements for the children have been
> made.

(Doc. 13-2 at 139–40). The second Notice of Intent to Deny also indicated skepticism that the marriage was bona fide and asked for more information.

Plaintiffs submitted a second letter purporting to be from the Chief Registrar of the High Court of Lagos State attempting to address the concerns posed in the second Notice of Intent to Deny, including an explanation of why irreconcilable differences is synonymous with irretrievable breakdown and why a custody arrangement was excluded. (Doc. 13-2 at 172–73). A third Decree Nisi and Decree Absolute were included. (Doc. 175–76).

USCIS issued a final Notice of Decision on the Form I-130 on November 14, 2024. (Doc. 13-1). With respect to the divorce paperwork, USCIS found the following:

> • The Department of State's Reciprocity Schedule for
> Nigeria notes that "[c]ontrols over civil documents are
> poor to non-existent, such that civil documents generally
> lack credibility" and that "fraudulent documents can be
> easily obtained in Nigeria." The Decree Nisi of
> Dissolution and Certificate of Decree Absolute submitted
> with the NOID response on October 15, 2024 are the third
> versions of these documents. Even after being confronted

with the major concerns regarding the authenticity of the divorce documents in the NOID issued May 11, 2023, the second version of the documents continued to have significant issues as noted in the NOID issued September 12, 2024. Now, upon reviewing the third version of these documents, the agency still has concerns regarding their authenticity

• One of those concerns stem from the letter from Lagos State Judiciary dated September 30, 2024, from the Acting Chief Registrar. Section 15(1) of the Matrimonial Causes Act of 2004 notes the ground for the dissolution of marriage as being "the marriage has broken down irretrievably." In the letter, the Acting Chief Registrar suggests that the initial version of the Decree Nisi's usage of "irreconcilable differences" as the ground for dissolution is interchangeable with the ground cited to within the Matrimonial Causes Act of 2004. The Acting Chief Registrar cites only to Black's Law Dictionary for support, but provides no other authority or precedent for this usage. The Acting Chief Registrar also states that the incorrect rules and order numbers noted in the second version of the documents were a "clerical" mistake. Given three versions of the divorce documents have been issued and inadequate explanations have been provided concerning the flaws in the documents, the agency does not have confidence in the authenticity of these documents.

• Further, in light of the agency's doubt concerning the authenticity of the divorce documents, the agency requested in the NOID issued September 12, 2024 a copy of the original petition for the dissolution of marriage that the beneficiary filed in order to initiate divorce proceedings as well as a copy of the requisite notice provided to the beneficiary's ex-spouse and proof of service of the petition. These steps are required by the Matrimonial Causes Act of 2004 per section 54 and Order III, Rules 1-2 and 6. These documents have not been provided.

7

(Doc. 13-1 at 7–8). The USCIS also concluded that the marriage was not bona fide for other reasons. (*Id.* at 9). The same day, USCIS denied the Form I-485 on the grounds that the Form I-130 was denied. (*Id.* at 18–19). In response, Plaintiffs filed an Amended Complaint on July 15, 2025. (Doc. 10).

## Legal Standard

"[W]hen a party seeks review [before a district court] of agency action under the [Administrative Procedure Act] ("APA"), the district judge sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). The court's review is limited to the whole administrative record before the relevant agency at the time of its decision. 5 U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Pursuant to the APA, the court "shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Challenges to agency action pursuant to the APA are properly adjudicated on summary judgment. *See e.g.*, *Fla. Fruit & Vegetable Ass'n v. Brock*, 771 F.2d 1455, 1459 (11th Cir. 1985) ("The summary judgment procedure is particularly appropriate in cases in which the court is asked to review . . . a decision of a federal administrative agency."). However, the standards set forth in Federal Rule of Civil Procedure 56 do not apply. *Fulbright v. McHugh*, 67 F. Supp. 3d 81, 89 (D.D.C. 2014), aff'd sub nom. *Fulbright v. Murphy*, 650 F. App'x 3 (D.C. Cir. 2016). Rather, "[a]t

8

the summary judgment stage [of APA challenges,] the court does not look at whether there is a genuine issue of material fact, but instead turns directly to the question of the validity of the challenge." *Malladi v. Brown*, 987 F. Supp. 893, 922 (M.D. Ala. 1997), *aff'd sub nom. United States v. Ponder*, 150 F.3d 1197 (11th Cir. 1998).

Upon review of the administrative record, "[t]he court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971), abrogated on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977). Pursuant to Eleventh Circuit precedent, "an agency fails to give reasoned consideration to the record evidence when it misstates the contents of the record, fails to adequately explain any illogical conclusions, or provides justifications for its decision which are unreasonable or do not respond to any arguments in the record." *Liu v. U.S. Att'y Gen.*, 440 F. App'x 718, 719 (11th Cir. 2011). As relevant in the instant action,

> [t]o prevail on summary judgment, where the agency denies the visa petition on multiple grounds, it need only show that one of the grounds was sufficient to deny the petition. *See Z-Noorani, Inc. v. Richardson*, 950 F. Supp. 2d 1330, 1337 (N.D. Ga. 2013) (citations omitted). For the plaintiff to succeed, he "must establish that each of these bases was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." *Id.*

9

*Diamond Miami Corp. v. U.S. Citizenship & Immig. Servs.*, No. 18-24411-CIV, 2019 WL 4954807, at \*2 (S.D. Fla. Oct. 8, 2019). "In making its decision, 'the agency is not required to discuss every piece of evidence, so long as it gives reasoned consideration to the evidence submitted.'" *Id.* (internal alteration adopted) (quoting *Liu*, 440 F. App'x at 719).

While the "inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one." *Volpe*, 401 U.S. at 416. "The arbitrary and capricious standard is exceedingly deferential." *Defs. of Wildlife v. U.S. Dep't of Navy*, 733 F.3d 1106, 1115 (11th Cir. 2013) (internal quotation omitted). "The court's role is to ensure that the agency came to a rational conclusion, 'not to conduct its own investigation and substitute its own judgment for the administrative agency's decision.'" *Id.* (quoting *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008)). Accordingly, Defendants' decision is to be upheld unless Plaintiffs demonstrates, based on the administrative record, "that the challenged decision [was] arbitrary and capricious or not otherwise in accordance with law." *Coastal Conservation Ass'n v. Locke*, No. 2:09-CV-641-FtM-29SPC, 2011 WL 453063, at \*10 (M.D. Fla. Aug. 16, 2011).

### Discussion

8 U.S.C § 1151(b)(2)(A)(i) provides for immigrant visas for immediate relatives of U.S. Citizens, including spouses. 8 U.S.C. § 1255(a) provides that a

noncitizen admitted on a nonimmigrant visa may have their status adjusted to that of a noncitizen lawfully admitted for permanent residence if the noncitizen would otherwise be eligible for an immigrant visa and admissible to the United States for permanent residence. According to the USCIS, to establish Mr. Edward as an immediate relative under § 1151(b)(2)(A)(i), Ms. Smith had the burden of showing: (1) she is a U.S. Citizen and (2) she has a bona fide spousal relationship with Mr. Edward. (Doc. 13-1 at 4). USCIS also concluded that a pre-existing valid marriage is a bar to recognition of the current marriage. (*Id.* at 7) (citing *In re Nwangwu*, 16 I. & N. Dec. 61 (Bd. of Immig. App. 1976)). Plaintiffs do not contend that USCIS erred as to these legal conclusions.

Plaintiffs submitted three divorce decrees purporting to be issued by the High Court of Lagos State to prove that Mr. Edwards did not have a pre-existing valid marriage. (Doc. 13-1 at 7). USCIS determined that the documents were not authentic. Under the APA, USCIS's authenticity determinations are reviewed under the substantial evidence test. *Ido v. U.S. Atty. Gen.*, 590 F. App'x 897, 899 (11th Cir. 2014). Under that "highly deferential" standard, the Court "view[s] the evidence in the light most favorable to the agency's decision and draw[s] all reasonable inferences in favor of that decision." *Id.* citing *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc). "Factual findings may be reversed only when the record compels reversal." *Id.* (citing *Adefemi*, 386 F.3d at 1027).

11

USCIS's determination that the divorce decrees were inauthentic satisfies the substantial evidence test. USCIS provided specific concerns with the documents, including discrepancies between the documents and Nigerian laws and rules. It also sought corroborating evidence, which was not provided. The agency has therefore given "reasoned consideration to the record evidence" and Plaintiffs' APA challenge as to USCIS's determination that Plaintiffs had not met their burden of showing Mr. Edward's prior marriage was lawfully terminated fails. *Liu*, 440 F. App'x at 719. Because USCIS denied the Form I-130 on multiple grounds, but the Court has determined that at least one ground was sufficient, the Court need not address Plaintiffs' other arguments about USCIS's determination that Plaintiffs' marriage was not bona fide. *Diamond Miami Corp.*, 2019 WL 4954807, at \*2 (citing *Z-Noorani, Inc. v. Richardson*, 950 F. Supp. 2d 1330, 1337 (N.D. Ga. 2013)).

## Conclusion

The Clerk is **DIRECTED** to correct the docket to reflect that Joseph B. Edlow is now the Director of USCIS, and April G. Walker is now the Director of the USCIS Atlanta Field Office. Plaintiffs' Motion for Summary Judgment (Doc. 19) is

**DENIED**. Defendants' Cross-Motion for Summary Judgment (Doc. 25) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment for Defendants.

**SO ORDERED** this 19th day of March, 2026.

_____

Victoria Marie Calvert
United States District Judge